For Plaintiff: Green, Curran & Hart.

For Defendant: Daniel H. Morrissey.

---

Maud L. Stevens
vs.                     Eq.No.7673
Louis Gordon et al.
May 12, 1926

TANNER, P. J. The complainant made a written agreement to sell a lot of land 40x105 feet to one Louis Brody. This was lot No. 572 on a certain plat. The complainant also owned the adjoining lot No. 573 and had a house upon said lot, the western side of which projected into lot No. 572. She did not intend to include in said agreement to sell any portion of her house and testifies that she supposed that the line between her house and the next lot ran from a certain rock to a certain bush, which line would be several feet beyond the actual plat line. She claims that she pointed out to said Brody the line which she supposed to be the line between said two lots.

Said Brody assigned said agreement to sell to the respondent Gordon. The agreement describes the land conveyed as being 40x150 feet in extent. A witness by the name of Conn testified that Gordon told him before he had received the deed which was given in fulfilment of said agreement that he understood the line was as indicated by the complainant.

Both Brody and respondent Gordon contradict the testimony of the complainant and her witnesses, but they do admit, and it is admitted in the answer, that they supposed that they were not buying any part of the house or the land covered by it.

There is no evidence that the respondent Gordon understood that the line was as claimed by the complain-

·ant at the time that he took the assignment of the agreement to convey. There is no evidence, therefore, that the respondent Gordon shared the mistake of the complainant in believing that the lot line ran through the rock and bush. There is, therefore, no evidence of a mutual mistake as to the line running through the rock and bush. The mistake was mutual only to the extent that all parties intended not to convey the land upon which the house was situated or any part thereof.

The case appears to us to be one in which the minds of the parties did not meet and the deed did not describe the intention of either of the parties. Therefore, it seems to present a case for cancellation rather than reformation. We could not reform the deed to make it conform to the line claimed by the complainant, because the respondent Gordon had no knowledge of such a claim of the complainant when he took his assignment of the agreement to convey. Neither could we reform the deed in accordance with the understanding of the respondent Gordon when he took his agreement to convey, because we find from the evidence that such was not the understanding or intention of the complainant.

The complainant is therefore entitled to a decree for cancellation.

For Complainant: Swan, Kenney & Smith, Francis J. Brady.

For Respondents: Pettine, Godfrey & Cambio.